Donald L. Nageleisen (82905)
Sherrill Hondorf (82405)
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**AT COVINGTON**

| | | |
|---|---|---|
| BURCOR FENCING, LLC | * | |
| 6702 Dixie Highway | * | JUDGE ______________ |
| Florence, KY 41042 | * | |
| | * | |
| ROBERT J ("JEFF") BURCH | * | |
| MARANATHA BURCH | * | |
| Owners and operators of | * | |
| Burcor Fencing LLC | * | |
| 15619 Lebanon Crittenden Road | * | |
| Verona, KY 41092 | * | |
| | * | |
| PLAINTIFFS | * | |
| | * | |
| -vs- | * | |
| | * | |
| BURCOR 1 FENCING | * | |
| DISTRIBUTORS, LLC | * | |
| 7724 US Highway 42 | * | |
| Florence, KY 41042 | * | |
| | * | |
| c/o Agent for Service of Process | * | |
| Victoria Burch | * | |
| 7724 US Highway 42 | * | |
| Florence, KY 41042 | * | |
| | * | |
| Victoria Burch | * | |
| In her capacity as owner | * | |
| of Burcor 1 Fencing Distributors LLC | * | |
| and her personal capacity | * | |
| 3020 Observatory Hill Ct. | * | |
| Villa Hills, KY 41017 | * | |
| | * | |
| Robert E. Burch | * | |
| 3020 Observatory Hill Ct. | * | |
| Villa Hills, KY 41017 | * | |
| | * | |
| | * | |
| HOWIE DUNNIT LLC | * | |
| 2879 Montana Ave. | * | |

**Suite 218** *
**Cincinnati, Ohio 45211** *
*
**c/o Agent for Service of Process** *
**Leslie Fultz** *
**2879 Temple Ave.** *
**Cincinnati, Ohio 45211** *
*
**ANTHONY AND CLARE RUEHL** *
**PO Box 230** *
**Hebron, KY 41048** *
*
**DEFENDANTS** *

---

**VERIFIED COMPLAINT FOR INJUCTIVE RELIEF AND MONEY DAMAGES WITH JURY DEMAND ENDORSED HEREON**

---

**NOW APPEAR** Plaintiffs in the above-captioned action and for their Complaint against the Defendants state as follows:

## NATURE OF THE ACTION

1) This is an action for trademark infringement, false description, false advertising, false designation, counterfeiting intellectual property, theft of business, interference with prospective business relations and future expectancies, unfair competition, breach of contract, conspiracy to commit trademark infringement and conspiracy to breach the lease contract under Kentucky common law and various state and federal statutes.

2) The Burcor Defendants, as direct competitors of the Plaintiffs, established a business under the name Burcor 1 Fence LLC – a non-existent corporation – with the purpose to gain Plaintiffs' business as well as interfere with his existing business relationships. The Burcor Defendants are wrongfully using Plaintiffs' mark to promote, market, offer for sale, and sell fencing installation services and products with the intention to mislead and confuse prospective

business purchasers. On information and belief, the Burcor Defendants' actions are part of a deliberate attempt to divert sales away from the Plaintiffs, a leading fence installment company in Northern Kentucky and nationwide. These actions will continue unless enjoined by this Court. The fencing season begins on March 1 and the Plaintiffs are being irreparably harmed every day that the infringement is allowed to continue.

## THE PARTIES

3) **Burcor Fencing, LLC**, registered with the Kentucky Secretary of State since 2009, is owned and operated by Plaintiff Jeff Burch. (**"BF"**) BF owns the mark "**BURCOR**".

4) **Burcor 1 Fencing Distributors, LLC**, registered with the Kentucky Secretary of State since 2012, is owned by Victoria Burch and operated by Robert E. and Victoria Burch, (**"BIFD"**)

5) **Burcor 1 Fencing LLC**, operated by Robert E. and Victoria Burch, is a fictitious business entity and not registered with the Kentucky of State. (**"B1F"**)

6) Plaintiff Burcor Fencing LLC (hereinafter "**BF**") is a limited liability corporation registered with the Kentucky Secretary of State in 2009. BF, owned and operated by Plaintiffs Jeff and Maranatha Burch, installs fencing all over the United States and is engaged in interstate commerce. BF has been in continuous operation since 2009 and has been using the "**BURCOR"** mark since 2009. The designation "**BURCOR**" is a registered Service Mark in the Commonwealth of Kentucky since October 2016 owned by Plaintiff BF. BF applied for the trademark/service mark "**BURCOR**" with the United States Patent and Trademark Office in October 2016. Plaintiff Jeff Burch requested the Burcor Defendants to cease and desist using the "Burcor" mark. (Exhibit 12)

**The "BURCOR DEFENDANTS"**

7) Defendant Burcor 1 Fencing Distributors, LLC (hereinafter "**B1FD**") is a limited liability corporation registered with the Kentucky Secretary of State in 2012. B1FD, owned and operated by Robert E. and Victoria Burch, was initially incorporated for the sole purpose of supplying and distributing fencing products to BF and other business entities. As of August 2016, B1FD began operating a fencing installation business under the fictitious name Burcor 1 Fencing LLC (hereinafter "**B1F**"), in direct and unfair competition with BF and in violation of various state and federal laws as recounted herein. BF1D was aided in its infringement and direct and unfair competition by Defendants Howie Dunnit and Anthony and Clare Ruehl.

8) B1F is a non-existent corporation.

9) Defendant Vicki Burch is the owner of B1FD and is the driving force behind the ouster of Plaintiffs from the business premises, interference with business relations, unfair competition, infringement of Plaintiffs' intellectual property and conspiracy with the other Defendants.

10) Defendant Robert E. Burch is the driving force behind the ouster of the Plaintiff from his business premises, interference with Plaintiff's business relations, unfair competition, infringement of Plaintiff's intellectual property and conspiracy with the other Defendants. Robert E. Burch is the public face of the Defendants' B1FD and BF1

**OTHER DEFENDANTS**

11) Defendant Howie Dunnit, LLC is a limited liability corporation registered with the Ohio Secretary of State in the business of marketing, website building and social media management.

12) Defendant Howie Dunnit conspired with Defendant B1FD and B1F and Robert E. and Vicki Burch in her official and personal capacity, in trademark/service mark violations, to steal Plaintiffs' business and to interfere with the business relationships and expectancies of the Plaintiffs.

13) Defendant Howie Dunnit was instrumental in copying the **"BURCOR"** mark, including copying the BF website, including pictures of BF fence installations.

14) Defendants Anthony and Clare Ruehl rented office and warehouse space to BF and breached the lease agreement in concert with B1FD and Robert E. and Vicki Burch, in her official and personal capacity.

15) None of the Burcor Defendants was a party to the lease that was breached by Defendants Anthony and Clare Ruehl in concert with the Burcor Defendants.

**JURISDICTION AND VENUE**

16) This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1338. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. §1367(a).

**FACTS**

17) BF has been in operation since 2009 and has been using the word "**BURCOR**" as its service mark since March 2009.

18) B1FD began operations in 2012. From 2012 until August 2016, B1FD was in the sole business of wholesale selling and distributing fencing supplies. Until August 2016, B1FD did not install fencing.

19) The Burcor Defendants have never asked nor have they ever been given permission to use the "**BURCOR**" mark.

20) On July 19, 2016, Leslie Fultz, owner of Defendant Howie Dunnit, sent a letter to Plaintiffs stating that he would no longer be doing with the Plaintiffs. (Exhibit 6)

21) In August of 2016, B1FD, Robert E. and Vickie Burch began plotting to oust Plaintiffs from their Hebron warehouse and offices and to enter into direct and unfair competition with Plaintiff by unlawfully using the **BURCOR** mark and using for their own devices the **BURCOR** name, and goodwill and business relationships built by Plaintiffs since 2009 in the fencing installation industry.

22) The Burcor Defendants were aided in this plot by Defendants Howie Dunnit and Anthony ad Clare Ruehl.

23) On August 9, 2016, in emails from Vicki Burch to Crawford Insurance, the Burcor Defendants notified Crawford that the "companies are separating", that BF "will be out of the building by week's end" and that Jeff Burch knows nothing about it and it is none of his business. (Exhibit 7)

24) On August 10, 2016, Vicki asked Crawford Insurance to "play dumb" and only call my cell phone, -- "do not call the office." (Exhibit 8)

25) On August 12, 2016, several emails to and from Vicki Burch and Leslie Fultz indicate that Defendant Howie Dunnit copied the same format for a new website and marketing program on behalf of "BURCOR 1" (Exhibit 9) Burcor 1 is a non-existent business entity but is confusingly and intentionally similar to BF.

26) Out of the blue, a letter from dated October 3, 2016, Defendants Anthony and Clare Ruehl notified Jeff Burch that he was "released from the lease agreement" and that the lease was being assumed by Robert E. and Victoria Burch as of October 1, 2016. (Exhibit 1)

27) BF did nothing to breach the lease with the Ruehls.

28) Neither Robert E. nor Vicki Burch nor B1FD were on the lease breached by the Defendants Anthony and Clare Ruehl.

29) It became obvious to BF on August 12, 2016 that the Burcor Defendants were infringing and unfairly competing with the Plaintiff when Jeff Burch saw a Proposal/Contract from BURCOR1 FENCING LLC - a non-existent corporation - with an email from Vicki Burch, soliciting a fence installation job from Brad Putnam. (Exhibit 2) Note the use of the name "Burcor1 Fencing" on the Proposal/Contract.

30) Exhibit 3, dated December 12, 2016 is another Proposal/Contract from "Burcor1 Fencing."

31) On October 26, Vicki Burch posted on her Facebook page that Burcor1 Fencing LLC - a non-existent corporation - had a new telephone number. She also used the Facebook posting to solicit fencing installation business on behalf of the non-existent – but confusingly similar -- business. (Exhibit 4)

32) Exhibit 5 are documents printed from the internet under the heading "Brucor1 Fencing LLC," demonstrating the confusion between the legitimate Burcor Fencing LLC and the infringing and non-existent corporation Burcor1 Fencing LLC.

33) Exhibit 10 is an example of a fencing installation Proposal/Contract from BF. The fence job was underbid and done by B1F.

34) Exhibit 11 is an example of the Proposal/Contract used by BF was simply copied by B1F the template and uses it under the name B1F – a non-existent corporation. B1F did not even bother to change the phone number.

35) Exhibit 12 is a cease and desist request from Plaintiff Jeff Burch to the Burcor Defendants.

36) Exhibit 13 is a picture of a BF fencing installation used on the website of B1F.

37) Exhibit 14 is picture of the B1F sign installed on the Ruehl's building.

**COUNT ONE**
**TRADEMARK INFRINGEMENT, FALSE DESCRIPTION. FALSE ADVERTISING AND FALSE DESIGNATION OF ORIGIN**
**as to the Burcor Defendants**

38) Plaintiff repeats and realleges each and every allegation of the foregoing as though fully set forth herein.

39) Plaintiff owns the **BURCOR** mark and has since 2009. Defendants have never had an ownership interest the mark and do not have Plaintiff's permission to use the mark.

40) The Burcor Defendants are using the **BURCOR** mark in commerce in an identical or similar way to the Plaintiff and in a way that confuses the public about the actual source of the goods and services and causing irreparable harm to the Plaintiffs' business.

41) Defendants' acts as alleged herein constitute trademark infringement, false description, false advertising and false designation of origin in violation of the Lanham Act, Section 43(a), 15 U.S.C. §§1125 and 1114, to the substantial and irreparable harm to the plaintiffs' business reputation and goodwill, confusing the public and damaging the public's perception of the Plaintiffs' business.

42) Defendants' acts as alleged herein constitute trademark infringement, false description, false advertising and false designation of origin in violation of KRS §365.601, KRS §365.100 and KRS §365.100 to the substantial and irreparable injury to the plaintiff's business reputation and goodwill, confusing the public and damaging the public's perception of the Plaintiff's business.

43) Pursuant to KRS §365.603, Plaintiffs are entitled to enjoin the Burcor Defendants from further use or display of the **BURCOR** mark, to disgorgement of profits from the infringing use, and payment of Plaintiffs' damages arising from the infringing use.

44) Pursuant to KRS §365.603(1), Plaintiffs are also entitled to treble damages and attorneys' fees because the Burcor Defendants acted intentionally and in bad faith.

45) Plaintiffs have no adequate remedy at law.

**COUNT TWO**
**COMMON LAW UNFAIR COMPETITION**
**as to the Burcor Defendants**

46) Plaintiff repeats and realleges each and every allegation of the foregoing as though fully set forth herein.

47) Defendants' acts as alleged herein constitute unfair competition in violation of the common law of Commonwealth of Kentucky.

48) Plaintiffs have been damaged by defendants' acts as recounted herein.

**COUNT THREE**
**UNFAIR COMPETITION AND DECPTIVE ACTS UNDER KRS §304.12-010**
**as to the Burcor Defendants**

49) Plaintiff repeats and realleges each and every allegation of the foregoing as though fully set forth herein.

50) Plaintiffs are the owners of the "**BURCOR**" mark.

51) The Burcor Defendants do not own the mark **BURCOR** and have never had permission to use the "**BURCOR**" mark.

52) Since October 2016, the Burcor Defendants have reproduced the "**BURCOR**" mark without authorization and have affixed the mark to stationary, a website, advertising

materials, social media, and proposals and contracts without authorization or authority from the Plaintiffs.

53) Defendants' use of the Plaintiffs' "**BURCOR**" mark in commerce without ownership or permission from the owner constitutes unfair competition and unfair deceptive acts or practices in violation of Kentucky Revised Statutes KRS §304.12-010.

54) Plaintiffs have been damaged by defendant's acts as recounted herein.

**COUNT FOUR**
**COUNTERFEITING INTELLECTUAL PROPERTY**
**as to the Burcor Defendants**

55) Plaintiff repeats and realleges each and every allegation of the foregoing as though fully set forth herein.

56) Plaintiffs are the owners of the "**BURCOR**" mark.

57) The Burcor Defendants do not own the "**BURCOR**" mark nor do they have permission to use the Plaintiff's mark.

58) Since October 2016, the Burcor Defendants have reproduced the "**BURCOR**" mark without authorization and have affixed the mark to stationary, a website, advertising materials, social media, and proposals and contracts without authorization or authority from the Plaintiffs.

59) Since October 2016, Defendants have been using the mark in violation of federal and state laws and specifically in violation of KRS §365.241, counterfeiting the Plaintiffs' mark as defined in KRS §365.241.

60) Plaintiffs have been irreparably damaged by the Defendants counterfeiting of the "**BURCOR**" mark.

**COUNT FIVE**
**TORTIOUS INTERFERENCE WITH EXISTING BUSINESS RELATIONSHIPS**
**as to all Defendants**

61) Plaintiff repeats and realleges each and every allegation of the foregoing as though fully set forth herein.

62) Plaintiff is the owner of the "**BURCOR**" mark and has been since 2009.

63) The Burcor Defendants and the Defendants Howie Dunnit and Anthony and Clare Ruehl have all acted in a manner that interfered with the Plaintiffs' business.

64) The Burcor Defendants in concert with Anthony and Clare Ruehl to breach the lease agreement and ousted the Plaintiff from his warehouse and offices with one day's notice with the aim of interfering with Plaintiff's business relationships and expectancies.

65) The Burcor Defendants with Howie Dunnit reproduced the Defendant's website and pictures, using Plaintiff's mark without permission or authority, with the aim of interfering with Plaintiffs' business and causing confusion to the public about the **BURCOR** mark and the Plaintiffs' fencing business.

66) Federal and state law prohibits the co-opting of another's trademark/service mark to advance another party's interests without authority or permission to the detriment of the trademark/service mark owner.

67) Defendants' interference is ongoing and the unauthorized use of the mark is continuing.

68) Defendants' interference with the Plaintiff's business relationships and expectancies were not innocent mistakes.

69) Defendants' actions interfering with the Plaintiffs business relationships and expectancies is improper, wrongful and carried out with an improper motive.

70) Plaintiff has been irreparably damaged by the Defendants' infringing use of the "**BURCOR**" mark and by their interference with his business relationships and business expectancies.

71) Plaintiff does not have an adequate remedy at law and Defendants should be enjoined from continuing their infringing behavior and actions.

**COUNT SIX**
**BREACH OF CONTRACT**
**as to the Burcor Defendants**

72) Plaintiff repeats and realleges each and every allegation of the foregoing as though fully set forth herein.

73) Defendants Anthony and Clare Ruehl entered in a lease contract with Jeff Burch knowing that he was in the business installing fences and operated under the name Burcor Fencing LLC.

74) None of the Burcor Defendants was a party to the lease on the property located in Hebron.

75) In a letter dated October 3, 2016, Defendants Anthony and Clare Ruehl notified Jeff Burch and BF that BF was "released from the lease agreement" and that the lease was being assumed by Robert E. and Victoria Burch as of October 1, 2016. (Exhibit 1)

76) Plaintiffs were not in breach of the lease with the Ruehls.

77) Plaintiff was caused to move his business from the Hebron property with one day's notice and incurred damages and expenses because of Defendants' breach of the lease contract and ouster of his business from the warehouse.

**COUNT SEVEN**
**CONSPIRACY**
**As to all Defendants**

78) A civil conspiracy exists when there is an agreement between two or more parties to injure another by an unlawful action.

79) The Burcor Defendants, Howie Dunnit and Anthony and Clare Ruehl each committed unlawful acts in furtherance of a conspiracy to disrupt Plaintiffs'' business and to infringe on the "**BURCOR**" mark owned by the Plaintiffs and committed acts in furtherance of a conspiracy to cause substantial and irreparable injury to the Plaintiffs' business reputation and goodwill, confusing the public and damaging the public's perception of the Plaintiffs' business.

80) On information and belief, at the behest of and in concert with the Burcor Defendants, Anthony and Clare Ruehl agreed to breach the lease contract with the Plaintiffs.

81) Anthony and Clare Ruehl wrongfully acted in concert with the Burcor Defendants to breach the lease on the Hebron warehouse and forced Plaintiff to move his business from the Hebron property with one day's notice and committed acts in furtherance of a conspiracy to cause substantial and irreparable injury to the plaintiffs' business.

82) Plaintiffs incurred damages and expenses because of the Defendants' conspiracy to breach of the lease contract.

83) On information and belief, at the behest of the Burcor Defendants, Defendant Howie Dunnit agreed to infringe the "**BURCOR**" mark and aid the Burcor Defendants to infringe on the "**BURCOR**" mark owned by the Plaintiffs and committed acts in furtherance of a conspiracy to cause substantial and irreparable injury to the plaintiff's business reputation and goodwill, confusing the public and damaging the public's perception of the Plaintiff's business.

84) Each of the Defendants acted in concert and by agreement committed underlying acts in furtherance of a conspiracy to cause damage to the Plaintiffs, Jeff and Maranatha Burch and their business, Burcor Fencing LLC.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for an order of the Court against the Burcor Defendants:

A. Granting a preliminary and permanent injunction restraining, enjoining, and prohibiting defendants, their officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with them, from:

1. infringing plaintiff's trademark rights; and

2. unfairly competing with Plaintiff.

B. Directing defendants to immediately cease use of the "**BURCOR**" mark, the Burcor 1 Fencing Distributors LLC and the Burcor 1 Fencing names in conjunction with their fence distribution or fence installation business and to refrain from using any other name confusingly similar to plaintiff's trademark and service mark "**BURCOR**" or Burcor Fencing LLC and to authorize the transfer of any telephone numbers or websites used in connection with the Burcor Defendants' infringing activities.

C. Directing defendants to immediately cease use of the Burcor Fence name or any other name confusingly similar to plaintiff's trademark "**BURCOR**" or Burcor Fence in the Yellow Pages or on the internet, including but not limited Facebook and their website, their stationary, invoices, their fencing products or on the medallion affixed to the fence at the completion of the installation and any other unlawful and unauthorized uses of the "**BURCOR**" mark.

D. Directing defendants to use their best efforts to recall from the trade and other third parties any and all marketing, advertising and promotional material used in connection with its fencing products and services, including removal of the Burcor 1 Fence name and telephone number from the Yellow Pages and general information numbers in the Commonwealth of Kentucky and any other place they have intentionally placed it, including medallions on any fencing installation jobs.

E. Directing defendants to file with the Court and serve on counsel for plaintiffs, within thirty days after entry of any injunction issued by the court in this action, a sworn statement as provided in 15 U.S.C. §1116 setting forth in detail the manner and form in which they have complied with the injunction.

F. Directing defendants to deliver up to Plaintiffs for destruction or other disposition, within thirty days of the entry of final judgment herein, any and all infringing articles and any promotion, marketing, advertising and promotional materials used in connection therewith, now or hereafter in its possession, custody or control.

G. Directing defendants to account to Plaintiffs for any and all profits derived by them from the sale of goods or services bearing the infringing trademark and to disgorge such profits to the Plaintiffs.

H. Directing defendants to cooperate in any way necessary with Plaintiffs in the administration of the terms of such an injunction, including by executing any documentation required by any telephone or marketing provider in connection therewith.

I. Awarding to Plaintiffs a monetary judgment against defendants for Plaintiffs' damages any profits from the Defendants' wrongful acts pursuant to 15 U.S.C. § 1117.

J. Trebling the amount of such award because of defendants' willful, intentional, and bad faith conduct pursuant to 15 U.S.C. § 1117 and KRS §365.603.

K. Awarding Plaintiffs their reasonable attorney's fees, costs and disbursements incurred herein in view of defendants' intentional and willful infringement, pursuant to 15 U.S.C. § 1117; and KRS §365.603;

L. Awarding Plaintiffs damages caused by the wrongful acts of Defendants Howie Dunnit and Anthony and Clare Ruehl.

M. Awarding Plaintiffs such other and further relief as the Court may deem just and proper.

N. Plaintiffs demand Trial by Jury on issues triable by jury.

// Donald L. Nageleisen //

Donald L. Nageleisen (82905)
2216 Dixie Highway #203
Ft. Mitchell, KY 41017
859-491-8887
dlnlegalmail@yahoo.com

Sherrill Hondorf (82405)
HONDORF LAW OFFICE
4490 Hartman Lane
Batavia, Ohio 45103
513-508-5048
Hondorflawoffice@gmail.com

**VERIFICATION**

STATE OF

COUNTY OF

Jeff Burch, duly affirming, deposes and says:

1. Deponent is the plaintiff in the within action.
2. Deponent has read the foregoing Verified Complaint and knows the contents thereof; and the same is true to Deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters Deponent believes it to be true based on Deponent's investigation.

____________________
JEFF BURCH

Affirmed to before me this
6th th day of March, 2017

____________________
Notary Public